## Ruggles Lumber Co. v. Serling (No. 2)

*Elmer Harris*, for plaintiff.

*Arthur A. Maguire*, for defendants.

VALENTINE, P. J., July 23, 1956.—Most of the reasons now urged for striking off the mechanic's lien were considered and disposed of in an opinion by Judge Aponick, filed October 19, 1955, in which a former rule to strike off the mechanic's lien was discharged.

The matters then passed upon by the three members of the court are not properly before us and have no place in the present application. The judges, sitting in argument court, do not pass upon matters disposed of at a prior session of the court.

In passing upon the present rule, the order discharging the former rule must be deemed final and

conclusive as to all questions there raised and passed upon.

The only new matter here presented arises from the allegation of paragraph 5 of the petition filed May 16, 1956, as follows:

"That on January 25, 1956, in pursuance to the Mechanic's Lien Act, a rule was entered and served by defendants against plaintiff, claimant, to issue a *scire facias sur* mechanic's lien within fifteen days of service on plaintiff of said rule, and up to the present time, plaintiff failed to serve the affidavit and the *scire facias sur* mechanic's lien on defendants as required by the Mechanic's Lien Act."

The files show that on January 25, 1956, defendants entered a rule upon plaintiff to issue a scire facias within 15 days from the service of the rule. This rule was served on plaintiff on January 26, 1956. A scire facias was duly issued on February 9, 1956, but the same has not been served upon defendants. This leaves for determination the effect of plaintiff's failure to serve the scire facias.

Section 31 of the Mechanic's Lien Act of June 4, 1901, P. L. 431, provides:

"Any party named as a defendant in the claim filed, or admitted to defend there against, may file as of course and serve a notice upon the claimant, and the use-claimant, if any, to issue a *scire facias* thereon within fifteen days after notice so to do. If no *scire facias* be issued within fifteen days after the affidavit of service of notice is filed of record, the claim shall be stricken off by the Court, upon motion . . .". 49 PS §136.

Service of the said writ is regulated by section 33 of said act, as follows:

". . . Service of any such writ may be made at any time within three months from the date on which it was issued, but it shall be served and returned at the

earliest time possible, and the plaintiff may require its return at any time whether or not it be actually served": 49 PS §152.

Section 33 of the act provides no penalty for failure to make service of the writ within the period of three months from the date of its issuance. We, therefore, incline to the opinion that the question whether the failure to serve the writ within said period prevents a recovery should be raised by way of a defense.

Therefore, the rule of May 16, 1956, is discharged.